**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **KIM MADERE** | § | |
| | § | |
| **V.** | § | **A-10-CV-812  AWA** |
| | § | |
| **COMPASS BANK** | § | |

## <u>ORDER</u>

Before the Court are Plaintiff's Opposed Motion to Compel Compliance with Discovery Order (Clerk's Doc. No. 72); Defendant Compass Bank's Response (Clerk's Doc. No. 73); Plaintiff's Reply (Clerk's Doc. No. 76); and Defendant's Sur-Reply (Clerk's Doc. No. 81).  On April 2, 2012, the court held a hearing on the Plaintiff's motion.

## I.      Background

Plaintiff Kim Madere filed suit against Compass Bank after Compass Bank fired her.  She claims that Compass Bank fired her because she took leave under the Family and Medical Leave Act (FMLA), and, unlike other employees who were laid off, Compass Bank did not rehire her because she took FMLA leave.  The case was tried to a jury and Compass Bank prevailed, with the jury finding that Compass Bank did not fire Madere or fail to rehire her because she took FMLA leave. During trial, one of Madere's strategies was to attack Compass Bank's justification for not rehiring her.  On this issue, Compass bank called Bianca Ramos as a witness.  Ramos testified that she made the decision not to rehire Madere, and she did not consider Madere qualified to be a branch manager because Madere's only previous experience as a bank manager was too remote in time and was with a credit union, not a bank.

To contradict this testimony, Madere attempted to introduce evidence that the employees who received branch manager positions after her layoff were less qualified than she was for those

positions.  Before trial, the parties had a discovery dispute over which employee files Compass Bank must produce to Madere, the result of which was the Court orderering Compass Bank to turn over documents on several groups of employees.  Madere claims that after trial it learned that Compass Bank did not comply with the Court's order, which she claims prevented her from effectively cross-examining Ramos.

Madere now moves for the Court to enforce its previous order and to grant her additional discovery.  She seeks the applications and resumes for all branch managers who worked for Compass Bank in the Austin area in 2009 and the first quarter of 2010.  She also seeks any correspondence from Bianca Ramos to these employees.  Although the original motion to compel—and corresponding order—only dealt with documents related to branch managers working in 2009, Madere also seeks documents from the first quarter of 2010 to ensure that she obtains documents for anyone hired in late 2009, for whom the hiring paperwork was not completed until 2010.

Compass Bank opposes Madere's request on two grounds: (1) the files are not relevant because the employees are not similarly situated to Madere; and (2) Madere never requested such a broad category of documents.  Compass also contends that these issues are untimely, and should have been raised before trial.

## II.    Previous Motion to Compel

In August of 2011, Madere filed a motion to compel.  Among other matters not relevant here, Madere requested that the Court require Compass Bank to produce documents responsive to two requests for production:

- the "applications and resumes of any branch manager that was hired in the Austin area (including surrounding counties) in 2009."  Third Request for Production # 4; and

2

- the "applications and resumes of any [business banking officer] that was hired in the Austin area (including the surrounding counties) in 2009." Fourth Request for Production # 3.

The Court granted Madere's motion in part and denied it in part. Clerk's Doc. No. 33. The discussion in the order on this point is brief. The Court described the documents in issue as "personnel files of business banking officers and branch managers Compass Bank either did not terminate, terminated and then rehired, or simply hired after the bank fired Madere." *Id.* at 2. After describing the documents as stated, the Court ruled that:

> The Court GRANTS Madere's request for the personnel files of the BBOs and branch managers. At the hearing, Compass Bank's counsel stated that the number of relevant people was approximately 15 people. This information may be relevant to Madere's claim, as she must demonstrate that similarly-situated employees were treated differently. Therefore, the Court ORDERS Compass Bank to produce these personnel files.

*Id.* Madere contends that Compass Bank failed to comply with this order. Compass Bank contends that it fully complied, and any failure to do so stems from a misunderstanding—in either event, Compass Bank asserts that if it had produced more documents, it would not have affected the trial. Finally, Compass contends that these issues should have been raised before trial.

## III.   Analysis

It appears to the Court that Compass Bank failed to comply fully with the Court's order. In its response, Compass Bank states that it "produced the fifteen personnel files that Madere requested in her Fourth RFP No. 2. These are the only personnel files that Madere requested and the only personnel files that Madere asked the Court to compel Compass to produce." Response at 3. This is inaccurate. Madere's motion to compel requested those files, but also requested the applications and resumes of branch manager and BBOs hired in the Austin area (including surrounding counties)

in 2009.  The court ordered Compass Bank to produce the personnel files of BBOs and branch managers, described in the order as "business banking officers and branch managers Compass Bank either did not terminate, terminated and then rehired, or simply hired after the bank fired Madere." This is a much larger set of employees.  Although the court mentioned "approximately 15 people," that figure came from Compass Bank's representation that about 15 people fit the description. Apparently, that was not an accurate estimation.

Compass Bank justified its limited production by claiming that only a few personnel files were relevant to Madere's claim.  It claims to have "produced the personnel files, including the resumes and applications, of the individuals hired into the two positions that Madere applied for in 2009, the BCM [Banking Center Manager] position in Georgetown and the DRE position."  It considered those two positions "the only job openings on which Madere could rely for her failure to hire claim," so it did not have to produce other files.  But the Court's order was broader than this, as it required Compass Bank to produce the personnel files for *all* managers hired in 2009.

Compass Bank further justified its failure to produce files based on its narrow view of the term "hired."  Compass Bank "did not produce the personnel files of then-current Compass employees who were either demoted or promoted into BCM positions in 2009 in Austin area locations because they were not new hires, and it did not consider them responsive to either Madere's discovery requests or the Court's October 28th Order."  Response at 4.  And Compass Bank did not produce the files of Guaranty Bank branch managers "who became Compass BCMs effective August 2009 when Compass acquired Guaranty Bank."  *Id.*

Eliminating BCMs who were promoted or demoted into their position takes too narrow a view of "hired."  While Madere worked for Compass Bank, she could only have become a BCM via

4

a promotion or demotion, as Compass Bank would not have fired her and then immediately rehired her for such a change.  Instead, it would have simply transferred her into the position.  The case is the same for any other Compass employee.  Viewed in light of the Court's order to produce the files of "business banking officers and branch managers Compass Bank either did not terminate, terminated and then rehired, or simply hired after the bank fired Madere," Compass Bank should have used a more liberal definition of "hired" than it did.  At a minimum, if Compass Bank believed that such a narrow reading was warranted, it should have sought clarification from the Court.[1]

Compass Bank did not produce all of the documents ordered by the court.  And its reasons do not justify its noncompliance.  Although Compass Bank claims that the employees were not similarly situated, the Court concluded otherwise, stating in its order that "[t]his information may be relevant to Madere's claim, as she must demonstrate that similarly-situated employees were treated differently."  If Compass Bank wanted to exclude the files from trial, it could have filed a motion in limine or raised a trial objection.  Further, Compass Bank's focus on what Madere requested skips over a more relevant question: What did the Court order?

Finally, with regard to Plaintiff's timeliness in filing this motion, the Court rejects Compass' argument.  While the Court certainly would prefer to always have these matters resolved before a jury trial, it also is sensitive to punishing a party because it did not complain loudly and quickly enough to another party's transgression.  As the evidence at the hearing demonstrated, Plaintiff's counsel was attempting to obtain compliance throughout the weekend preceding trial, and reasonably

---

[1]The Court agrees with Compass Bank that Madere was not entitled to the files of BCMs hired in 2010, as Madere did not request them, and the Court did not order them produced.  Further, the Court agrees that the personnel files of Guaranty Bank managers employed at the time of Compass' acquisition of Guaranty were not within the scope of the Court's order, and thus Compass did not fail to comply with the order by not producing those files.

believed that he had received all of the documents by the time trial commenced.  Because the parties never had a detailed discussion of what was—and more importantly, was not—being produced, it could not have been apparent to Plaintiff's counsel that he had something to complain about until after trial.

Accordingly, the Court HEREBY GRANTS IN PART AND DENIES IN PART Plaintiff's Opposed Motion to Compel Compliance with Discovery Order (Clerk's Doc. No. 72).  For each branch manager hired in 2009, Compass Bank must produce their resume and application, as well as any correspondence to them from Bianca Ramos.  Compass Bank is explicitly directed to include new people from outside Compass Bank, transfers from other Compass Bank branch manager positions, and anyone promoted or demoted into a branch manager position.  Compass Bank is not required to produce the documents for branch managers from Guaranty Bank, nor for BCMs were hired in 2010.  For the geographical area, Compass Bank shall use the 30 branch locations its website defines as the Austin area.  *See* Exhibit 14 to Plaintiff's Motion.  All such files shall be produced to Plaintiff's counsel by May 4, 2012.

SIGNED this 16th day of April, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE