IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KIM MADERE** | § | |
| | § | |
| **V.** | § | **A-10-CV-812  AWA** |
| | § | |
| **COMPASS BANK** | § | |

## ORDER

Before the Court are Defendant Compass Bank's Motion for Entry of Final Judgment (Clerk's Doc. No. 60); Plaintiff Kim Madere's Response in Opposition to Defendant's Motion (Clerk's Doc. No. 71); Madere's Motion for a Temporary Stay of Entry of Judgment (Clerk's Doc. No. 72); Compass Bank's Notice of Compliance and Renewed Request for Entry of Final Judgment (Clerk's Doc. No. 86); Madere's Response in Opposition (Clerk's Doc. No. 88); Compass Bank's Reply to Response to Notice of Compliance and Renewed Request for Entry of Judgment (Clerk's Doc. No. 92); and Madere's Reply to Response to Motion (Clerk's Doc. No. 93).

After the jury returned a verdict for Compass Bank, the Plaintiff, Kim Madere, filed a motion alleging that the Defendant violated the Court's previous order regarding discovery. and asked the court to stay the entry of judgment on the jury's verdict until the discovery issue was resolved. After a hearing, the Court clarified its previous order on what Compass Bank must disclose to Madere and ordered that Compass Bank produce all responsive documents. *See* Clerk's Doc. No. 82.

Unsatisfied by what Compass Bank produced after the order, Madere again requests that the Court order Compass Bank to produce more documents. In particular, Madere asserts that Compass Bank has neglected to produce documents from former Guaranty Bank locations or from Christopher Dennis, who Madere alleges started work as a branch manager during the relevant time period. Although Compass Bank produced a new hire form that indicated that Dennis started work on

January 5, 2010 (and therefore not in the relevant time period), Madere alleges that it was Compass Bank's practice to have employees fill out this form several weeks after beginning the job. In support, Madere offers multiple examples of employees beginning work and then filling out the form at a later date.

In response to the issue regarding the former Guaranty employees, Compass Bank attached an affidavit that stated that "no Compass Bank employee or applicant was hired, transferred, promoted or demoted into the branch manager positions at the former Guaranty Bank branches in the Austin area at any time in 2009 following the acquisition." Clerk's Doc. No. 92 Exh. A. Madere does not refute this statement, but rather argues that the affidavit did not address if a person was hired during the relevant time period with a start date after the time period elapsed. The Court is not inclined to agree that Compass Bank was "play[ing] word games" in this affidavit. The affidavit and response clearly state that there are no people in this category, and thus no responsive documents.

With regard to Christopher Dennis, Madere's pleadings establish a consistent pattern of employees whose first day of work was several weeks before the date they completed a new hire form, *see* Clerk's Doc. No. 88 at 4, and Compass Bank's response does not address this evidence. Rather, the Bank simply relies on the date on the new hire form as evidence that Dennis did not start work until January 5, 2010. This conclusory claim is of no evidentiary value, particularly in light of Madere's unrebutted allegations—which Compass Bank does not attempt to refute—that many employees fill out such forms weeks after starting. The Court therefore that, within **five business days** of this order, Compass Bank shall produce to Madere Dennis's application, resume, and any correspondence from Bianca Ramos to Dennis, .

Finally, it is plainly time to enter judgment in this case. Should Madere feel she has the basis to request a new trial, she may of course file that motion, but the Court will not stay entry of judgment in the meantime.

ACCORDINGLY, the Court HEREBY GRANTS Compass Bank's Motion for Entry of Final Judgment (Clerk's Doc. No. 60) and DENIES Madere's Motion for a Temporary Stay of Entry of Judgment (Clerk's Doc. No. 72). FINALLY, IT IS ORDERED that any pending motions in this action are DISMISSED AS MOOT. A judgment to this effect will be entered this date.

SIGNED this 25th day of May, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE