# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| KIM MADERE | § | |
| | § | |
| V. | § | A-10-CV-812  AWA |
| | § | |
| COMPASS BANK | § | |

## ORDER

Before the Court are Plaintiff's Motion to Tax Costs Against Defendant and Motion for Costs/ExpensesUnder FRCP 37(b)(2)(C) (Doc. No. 143); Defendant Compass Bank's Response to Plaintiff's Motion to Tax Fees and Costs Against Defendant, and Defendant Compass Bank's Motion to Recover Costs Under FRCP 54(d) (Doc. No. 145); and Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Tax Costs Against Defendant and Motion for Costs/Expenses Under FRCP 37(b)(2)(c) (Doc. No. 148).

**I.     Background**

This case was first tried to a jury in February 2012.  At the earlier trial Madere made two claims:  (1) Compass Bank terminated her in January 2009 because she took leave under the Family and Medical Leave Act after a heart attack in 2008; and (2) Compass Bank did not re-hire her after her layoff because she had taken FMLA leave.  Although the first jury found no liability on either claim, the Court granted a new trial on the second cause of action based on the failure of Compass Bank to produce certain documents before trial.  The issue for the second jury trial was whether Compass Bank failed to re-hire Madere because she had taken FMLA leave while an employee of Compass Bank in 2008.  That claim went to trial on February 25 and 26, 2013.  The jury found in favor of Defendant Compass Bank as to all issues.  The parties now dispute who may recover costs and fees.

**II.     Compass Bank's Request for Costs**

Compass Bank argues that it has prevailed twice at trial, and should be awarded costs as provided for in Rule 54(d) and 28 U.S.C. § 1920. Federal Rule of Civil Procedure 54(d) provides that costs should be allowed as a matter of course to the prevailing party. Thus, prevailing parties in a lawsuit enjoy a presumption that they will be awarded court costs. *See Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539 (5th Cir. 1990). The Fifth Circuit has characterized this as meaning that the prevailing party is prima facie entitled to costs. *Meadows v. Lake Travis Indep. Sch. Dist.*, 397 Fed. App'x 1, *2 (5th Cir. 2010) (citing *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006)). In this case, there is no dispute that Compass Bank is the prevailing party.

The trial court does have discretion to deny a prevailing party its costs, but the exercise of such discretion is an exception to the general rule. *See U.S. v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987); *Martinez v. Ford Motor Co.*, 162 F.3d 1159, *2 (5th Cir. 1998); *see also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health*, 532 U.S. 598, 606 n. 8 (2001) ("Courts generally, and this Court in particular, then and now, have a presumptive rule for costs which the Court in its discretion may vary."). When costs are denied to the prevailing party, the court must give an adequate reason for the denial. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).

This case provides an example of one where it is appropriate to deny costs to the prevailing party. As detailed in previous orders, it was Compass Bank's actions which resulted in the Court ordering a new trial. On October 28, 2011, the Court ordered Compass Bank to provide Madere with the personnel files of all Branch Managers and Business Banking Officers that Compass Bank "either did not terminate, terminated and then rehired, or simply hired after the Bank fired Madere."

(Doc. No. 33). Despite various motions to compel, through misunderstanding or negligence, Compass Bank failed to fully produce these files. The jury trial concluded on February 15, 2012. During and after trial, through independent research, Madere discovered other individuals hired as Branch Managers in the Austin area during the relevant period whose files had not been produced.

On February 27, 2012, Madere filed a Motion to Compel Compliance with Discovery Order and Motion to Compel Certain Documents. (Doc. No. 72). The Court granted the Motion and ordered Compass Bank to provide discovery to Madere that was not provided prior to trial. (Doc. No. 82). On June 22, 2012, Madere moved for a new trial based upon the fact that Compass Bank had failed to turn over the file of Christopher Dennis, an individual who was hired as a Branch Manager and who arguably was less qualified than Madere for the position. Based on the failure to turn over the Dennis file, the Court granted Madere's Motion for New Trial, and ordered a new trial on her failure to rehire claim. (Doc. No. 101). The Court finds that Compass Bank's actions in failing to fully comply with discovery requests necessitated the Court holding a second trial on the failure to rehire claim. Thus, despite the fact that Compass Bank prevailed at trial, the Court concludes that it would be inappropriate to award costs to Compass Bank in this instance.

**III.    Madere's Request for Sanctions**

On the flipside of the same issue, Madere argues that this case presents "exceptional circumstances" which entitles her to an award of costs, despite the fact that she was not the prevailing party at either trial. Madere relies on *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539-40 (5th Cir. 1990), in support of her request. Madere asserts that Compass Bank's "misconduct, bad faith, and abuse of the trial process" justify taxing costs against the prevailing party in this case.

3

*Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 539-40 (5th Cir. 1990).[1]  Madere has failed to establish that Compass Bank acted in bad faith, abused the trial process, or engaged in other misconduct sufficient to support an award of costs in Madere's favor.  None of the "egregious circumstances" identified in *Sheets* are present here.  In this case, although Compass Bank failed to fully comply with discovery orders. there is not evidence that this was the result of willful misconduct.  Because there is not any evidence that Compass Bank acted in bad faith, it is inappropriate to award costs to Madere on this basis.

Madere also requests sanctions under Fed. R. Civ. P. 37.  Rule 37 deals with a party's failure to properly cooperate in discovery.   The Rule is entitled "Failure to Comply with a Court Order."  Rule 37(b)(2)(A) provides a laundry list of various actions a court may take against a party for failing to comply with an order or for failing to permit discovery.  These actions include striking pleadings, staying proceedings, dismissing the action, and other substantive sanctions.  Additionally, Rule 37(b)(2)(C) provides that:

> instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The Court entered orders compelling the production of the Dennis documents months ago, and thus this request for costs based on Rule 37 is misguided. At most, Madere could request the costs she

---

[1] In *Sheets*, the district court noted that it was forced to endure defendant's repeated and abusive hardball tactics.  As examples, the court noted that defendant unjustifiably refused to produce documents in discovery in direct violation of an order to compel; repeatedly and falsely denied having applied for and/or having patent rights in the air snorkel device that was the subject of the suit; misled the plaintiff about the nature of various documents; and without reason were unwilling to state that certain information or claims should be directed to one Yamaha entity rather than the other.  891 F.2d at 540.

incurred in filing motions to compel the documents back in 2012, but the time for that is past, and regardless, the fact that the Court ordered a new trial as a result of the Bank's actions was sanction enough for the Bank's misconduct.  Shifting the costs of trial onto the Bank would be inappropriate under Rule 37.  Instead, the appropriate outcome is for each side to bear its own costs.

THEREFORE, IT IS ORDERED that Plaintiff's Motion to Tax Costs Against Defendant and Motion for Costs/ExpensesUnder FRCP 37(b)(2)(C) (Doc. No. 143) is DENIED.  IT IS FURTHER ORDERED that Defendant Compass Bank's Motion to Recover Costs Under FRCP 54(d) (Doc. No. 145) is also DENIED.

SIGNED this 26th day of March, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE